MARTHINSON et al. v. WINYAH LUMBER CO.

(Circuit Court, D. South Carolina. June 24, 1903.)

1. ESTOPPEL BY PLEADING—ERRONEOUS ALLEGATION OF CITIZENSHIP.

The fact that a complainant in a bill, which he afterward dismissed through an error, styled himself a citizen of the District of Columbia, does not estop him from showing in a second bill that he is in fact an alien.

In Equity. On motion by defendant to dismiss.

Mordecai & Gadsden and Montgomery & Stackhouse, for complainant.

Walter Hazard, for defendant.

SIMONTON, Circuit Judge. The complainant in this case some time heretofore filed a bill against this same defendant, styling himself a citizen of the District of Columbia. Discovering his error, the complainant discontinued those proceedings, and has filed the present bill, styling himself an alien, subject to the King of Denmark. The plea having been filed, the complainant did not answer same until two rule days after the filing of the plea. A motion is now made to dismiss the bill upon the ground that the replication to the plea in abatement was not filed in time, and upon the further ground that the complainant, having instituted proceedings styling himself a citizen of the District of Columbia, is estopped from filing a subsequent proceeding styling himself an alien. He is not estopped, because in his first bill he styled himself a citizen of the District of Columbia, from showing that he is in fact an alien. Carson v. Hyatt, 118 U. S. 279, 6 Sup. Ct. 1050, 30 L. Ed. 167. The testimony submitted shows conclusively that he never was a citizen of the United States, having been born a subject to the King of Denmark and never been naturalized.

With regard to the failure to reply to the plea on the rule day after the plea was filed, sufficient excuse has been shown by complainant's attorney, and the motion of the defendant is overruled on both grounds. An order will be entered accordingly.